Brooks W. Rountree v. Commissioner.
Rountree v. Commissioner
Docket No. 5496-66.
United States Tax Court
T.C. Memo 1968-165; 1968 Tax Ct. Memo LEXIS 131; 27 T.C.M. (CCH) 810; T.C.M. (RIA) 68165; July 31, 1968. Filed Brooks W. Rountree, pro se, 2519 26th St., Cuyahoga Falls, Ohio. Frank W. Wrenick, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1964 in the amount of $845.41. Some of the issues raised by the pleadings have been disposed of by agreement of the parties, leaving for our decision the following: (1) Whether petitioner is entitled to deduct $200 or any part thereof as an ordinary and necessary business expense for use of his personally owned automobile. (2) Whether petitioner is entitled to a deduction in 1964 for a casualty loss in the amount of $1,000 because of the *132 crumbling, falling, and deteriorating of a retaining wall on residential property which he owned as tenant in common with his former wife. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner whose legal residence at the date the original petition in this case was filed was Cuyahoga Falls, Ohio, filed an individual Federal income tax return for the calendar year 1964 with the district director of internal revenue at Cleveland, Ohio. Petitioner's return was filed on the cash method of accounting. From October 1, 1964, to the end of that year petitioner was employed as an insurance assistant for Cleveland Cliffs Iron Company. His duties included matters pertaining to insurance of the ships operated by his employer and the crews of those ships. The fleet operated by petitioner's employer consisted of eight ore ships which traveled the Great Lakes and frequently were in the Cleveland area. When one of these ships was in the Cleveland area petitioner was required to visit the ship to discuss insurance problems with members of the crew. When the ships visited the Cleveland area, they had no designated dock but would be at various locations. *133 On the average the location where the ship would anchor would be within 5 to 6 miles from petitioner's office. Petitioner was required to make the 10 to 12 miles round trip from his office to one of his employer's ships about twice a week. Petitioner during the period from October 1, 1964, to the end of that year drove to the ships and back in his personally owned automobile which was a 1963 Ford Galaxy, 2-door sedan six. Petitioner was not reimbursed by his employer for the cost of the trips made to the various ships operated by his employer. Petitioner and his former wife, Juanita M. Rountree, owned certain real estate in Cuyahoga Falls, Ohio as tenants in common during the year 1964. The property had been the personal residence of petitioner and his family prior to his separation from his wife in 1963. During the year 1964 and until sometime in 1965 the property was occupied by petitioner's children and former wife. While petitioner's children were living at the Cuyahoga Falls property during 1964 and 1965 petitioner on occasions visited the property. Petitioner and his former wife purchased the Cuyahoga Falls residence in 1954 for $12,000. At the time petitioner and his *134 811 former wife purchased the residence there was a retaining wall on the back of the property which had been built in 1953 at the time of construction of the house on the property. There was a comparable wall back of the property adjoining petitioner's property to the left and also a comparable wall back of the property adjoining petitioner's property to the right. The wall which was originally put on the property in 1953 was constructed of cinder blocks. The wall so constructed on one of the lots adjoining petitioner's lot had partly fallen shortly after its construction and had been replaced by the builder with a stone wall. In 1956 the wall on petitioner's property began to fall and in 1957 petitioner replaced the wall on his property with a free standing stone wall. At sometime prior to 1964 the wall on the other property adjoining petitioner's property had been replaced with a free standing stone wall. The cost to petitioner of replacing the wall on his property in 1957 was $750. On his income tax return for the calendar year 1957 petitioner claimed a casualty loss deduction in the amount of $1,500 for a casualty loss in connection with the falling of the retaining wall. *135 Petitioner's return for the calendar year 1957 was not examined by respondent but was accepted without change. When petitioner removed and replaced the retaining wall in 1957 he noticed that there were three drains in the wall. The large drain in the center was broken, and the two side drains were plugged up. During the 11 years that petitioner lived on the property he would notice that after a rain, the two properties to the rear of his property would be flooded and that water would stand on the properties. In 1963 petitioner again noticed the retaining wall on the back of his property beginning to fall, crumble, and deteriorate. There were no trees on the back part of petitioner's lot. Petitioner had built a concrete patio to the rear of his house running the width of his house and extending out for a depth of about 10 feet from the house. In 1963 petitioner placed his wall back in position and repaired it. On the joint Federal income tax return for the calendar year 1963 filed by petitioner and his former wife, Juanita M. Rountree, petitioner claimed a deduction of $1,500 with the explanation, "Retaining wall collapsed due to amassed water freezing & expanding; repair necessary. *136 Also, damage to fence, patio, grade & lawn." Respondent did not examine petitioner's 1963 Federal income tax return but accepted the return without change. In April 1963 petitioner ceased to live in the Cuyahoga Falls property and in June 1963 his wife filed a petition for a divorce from him. After June 1963 petitioner would visit the Cuyahoga Falls property on weekends when he would come for visits with his children. In April 1964 when petitioner was visiting his children at the Cuyahoga Falls property he noticed that the wall which he had repaired in 1963 was again deteriorating, falling, and had partly fallen. It was beginning to fall at the middle where the falling had begun in 1956 and 1963. After 1964 up through June of 1965 the wall continued to deteriorate, crumble, and fall. Petitioner's children and former wife moved from the Cuyahoga Falls property in June 1965 and petitioner did not visit the property thereafter until shortly before the trial of this case and therefore did not know whether any deterioration of the wall continued after June of 1965. At the time of the trial of this case the wall on the property formerly owned by petitioner and the walls on the two adjoining *137 properties were in good condition. The property which petitioner and his former wife had owned at Cuyahoga Falls was sold in 1965 for $13,500. The fair market value of the house which had been owned by petitioner and his former wife in Cuyahoga Falls would be greater if it were sold at a time when the retaining wall was in good condition than it would be if sold with the retaining wall falling down. In 1957 petitioner had looked out of the window and noticed the cinder block wall which was on the property when he bought it as it was falling. The reason petitioner replaced the wall in 1957 with sandstones stacked one upon the other with free draining was because of the broken and clogged drains he saw when the cinder block wall fell. Petitioner on his Federal income tax return for the calendar year 1964 claimed no deduction for automobile expense in connection with his business. Petitioner did not claim a casualty loss in connection with the retaining wall on his property on his 1964 Federal income tax return. Respondent in his notice of deficiency made adjustments with respect to certain items on petitioner's return for 1964, which 812 adjustments have now been disposed *138 of by agreement of the parties. Petitioner in an amended petition filed in this case raised the issues with respect to automobile expense and casualty loss. Ultimate Facts Petitioner is entitled to a deduction of $30 as an ordinary and necessary business expense for the cost of transportation to and from his employer's ships. Petitioner has failed to show that any damage which may have occurred in 1964 to the retaining wall on his property was due to a casualty. Opinion Both of the issues in this case are purely factual. Respondent does not contend that petitioner is not entitled to deduct whatever cost he incurred for transportation to visit his employer's ships. Respondent recognizes that to whatever extent petitioner incurred such transportation expenses, they constituted an ordinary and necessary business expense. Respondent contends that the amount of such expense incurred by petitioner was not more than $25. Petitioner's own testimony shows that his business driving during the year 1964 was around 300 miles. Petitioner does not explain how he arrives at a cost of $200 for driving 300 miles except by his statement that the depreciation on his automobile was sufficient *139 that an amount of over $200 should be considered to be allocable to business use of his automobile. Considering all the evidence in the record which included some of the costs petitioner incurred in connection with his automobile, we have concluded that petitioner is entitled to deduct $30 as an ordinary and necessary business expense for transportation from his office to the ships of his employer and return to his office. Petitioner argues that the defects in the retaining wall on his property were "latent" and that the problem was rendered "worse by the lack of trees in the rear and side of the lot. Also a concrete patio sitting an estimated ten feet from the wall could have been diverting even more drainage to it." Petitioner contends that "The conclusion is that the condition of the wall had a latent causation as the basis on all three occasions that it fell." Petitioner contends that damage caused by such a "latent condition" is a casualty of the same type as damage caused by a sudden invasion of property by termites. Petitioner in this case has not shown any event which might constitute a casualty. If we accept the suggestion made by petitioner that the problem with the *140 wall was caused by poor drainage and lack of trees on the property, we would have to conclude that it was poor construction and landscaping of the property that caused the damage. Damage caused by faulty construction methods in the construction of a taxpayer's property is not damage from a casualty within the meaning of section 165 (c)(3), I.R.C. 1954, [1] and the comparable provisions of earlier Internal Revenue laws. William J. Matheson, 18 B.T.A. 674 (1930), affirmed 54 F. 2d 537 (C.A. 2, 1931). If fulty drainage on petitioner's lot was not the cause of the problems with petitioner's wall, petitioner has totally failed to show what did cause the damage to the wall. In order to show that a loss was occasioned by a casualty, it is incumbent upon a taxpayer to show that the claimed loss resulted from a casualty in the nature of a fire, storm or shipwreck. James M. Kemper, 30 T.C. 546 (1958), affirmed 269 F. 2d 184 (C.A. 8, 1959). Since petitioner has totally failed to show that the damage to his retaining wall was caused by a casualty, he has failed to show that he is entitled to the deduction which he has claimed. *141 Petitioner's major argument seems to be that respondent is estopped from denying the deduction he claims for a casualty loss in 1964 since respondent did not disallow the claimed deductions for casualty losses taken by petitioner on his Federal income tax returns for the years 1957 and 1963 in connection with the retaining wall. The parties have stipulated that respondent did not examine petitioner's returns for the years 1957 and 1963 but that these returns were accepted without change. The fact that respondent did not examine petitioner's 813 returns for the years 1957 and 1963 and disallow the claimed deductions for casualty losses in connection with the retaining wall does not estop respondent from refusing *142 to allow petitioner's claimed casualty loss deduction in the year 1964. There is no indication in this record that respondent has taken any action which estops him from denying that petitioner sustained a casualty loss in 1964. Laura Massaglia, 33 T.C. 379, 386-387 (1959), affirmed 286 F. 2d 258 (C.A. 10, 1961). Decision will be entered under Rule 50. Footnotes
1. SEC. 165(c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - * * * (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. No loss described in this paragraph shall be allowed if, at the time of the filing of the return, such loss has been claimed for estate tax purposes in the estate tax return.↩